UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CINDY L. MOLL,

                          Plaintiff,

        v.                                                    **DECISION AND ORDER**

TELESECTOR RESOURCES GROUP, INC.,                             04-CV-0805S
d/b/a VERIZON SERVICES GROUP, a/k/a
VERIZON NEW YORK, INC.,

                          Defendant.

## I. INTRODUCTION

        Plaintiff Cindy L. Moll commenced this action alleging that Defendant Telesector

Resources Group, Inc., d/b/a Verizon Services Group, a/k/a/ Verizon New York, Inc.

("Defendant" or "Verizon") discriminated against her based on her sex, subjected her to a

sexually hostile work environment, retaliated against her following her complaints of

discrimination and paid her less than male employees performing the same or substantially

similar job duties, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. §§ 2000e *et seq.,* the New York State Human Rights Law ("HRL"), N.Y. Exec. L. §§

290 *et seq.,* and the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§ 206 *et seq.* (Docket No.

1).

        Presently before this Court is Verizon's Motion to Dismiss all claims and allegations

in the Complaint, except with regard to a single purported incident of disparate treatment

occurring in August 2003 (Docket No. 2).  For the following reasons, Verizon's motion is

granted in part and denied in part.

1

## II. BACKGROUND

### A. Factual Allegations

Moll commenced employment at Verizon in or about June 1990 (Compl., ¶8). She received a promotion in 1997 and apparently worked at Verizon without incident until sometime in 1998 (*Id*., ¶¶ 8, 9, 17). Beginning in 1998 and thereafter, Moll claims that she was subjected to sex-based disparate treatment, including with regard to wages, a sexually hostile work environment and retaliation (*Id*., ¶¶ 11-13, 15-17). Her specific allegations are as follows.

#### 1. Disparate Treatment and/or Retaliation

The Complaint alleges that Moll alone, or Moll and other female employees, were treated differently than male employees in a variety of ways beginning in 2000.

In January 2000, Verizon denied Moll, who was then pregnant, the opportunity to attend "customer-positioning events" such as football and hockey games (*Id*., ¶¶ 21-22).

Although Moll was identified as a good candidate for promotion in a February 2001 performance review, her requests for promotion, made between April 2001 and October 2002, were denied while men were promoted during the same period (*Id*., ¶¶ 27, 29). In August 2001, Moll was required to take a certifying examination that only one male employee was required to take (*Id*., ¶ 33). In October 2001, Moll was required to use vacation days when she moved, but a male employee was allowed to relocate on company time (*Id*., ¶ 37).

In March 2002, Moll was placed on a counseling plan for submitting an incomplete request for proposal ("RFP") for a client, but a male employee was not counseled for his

incomplete RFP submission (*Id*., ¶¶ 34, 50).  A male hired in April 2002 received more vacation days than she did (*Id*., ¶¶ 35-36).  In May 2002, Moll was informed that she could no longer work at home (*Id*., ¶ 38).  Moll's request to take a vacation day on July 5, 2002 was denied, but three males received the day off (*Id*., ¶ 39).  In October 2002, a supervisor followed Moll to a customer appointment, but did not follow other Sales Engineers[1] (*Id*., ¶ 42).  In December 2002, Moll and another female employee were required to be available by cell phone during their vacation, while male employees were not (*Id*., ¶ 47).

Sometime in 2003, a male employee was given credit for sales that were actually made by Moll (*Id*., ¶ 44).  In August or September 2003, male employees were permitted to pick from a schedule of hockey games they wished to attend, but female employees were not (*Id*., ¶ 54).  Prior to November 2003, Moll and another female employee were assigned tasks that males were not (*Id*., ¶ 55).

In June 2004, female employees were not invited to participate in a charity golf tournament, but various male employees were (*Id*., ¶ 59).  In July 2004, Moll's request for permission to work out of Verizon's Amherst office was denied, even though male employees have been permitted to do so (*Id*., ¶ 60).

On unspecified dates, Moll and another female employee were assigned to cubicles, but male employees got private offices (*Id*., ¶ 40).  Moll has performed the same or substantially the same duties as David Winley, Tom Spencer, Kevin Dean and other male employees, but has been paid at a lesser rate (*Id*., ¶ 61).

---

[1] There is no explanation regarding the apparent change in Moll's position from Systems Analyst to Sales Engineer.

### 2.      Hostile Work Environment

On three occasions between 1998 and 1999, Daniel Irving, a Senior Systems Analyst, left Moll inappropriate notes (*Id.*, ¶¶ 17, 19).  During that same period, Irving made comments regarding her physical appearance (*Id.*, ¶ 20).  In April 1999, during an out of town training, Irving repeatedly called Moll and asked her to come to his hotel room (*Id.*, ¶ 18).  In April or May 2001, Irving left a note on Moll's desk stating that he thought about her when he was taking a shower and that she looked and smelled good (*Id.*, ¶ 31).

## B.      EEOC Charge

On September 19, 2003, Moll filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that, after receiving a promotion on December 1, 1997, she was:

> subjected to different terms and conditions of employment than similarly situated male employees and . . . subjected to sexual harassment and a hostile work environment.  The different terms and conditions of employment include, but are not limited to, work assignments, assignment of objectives, performance evaluations, customer positioning events, wages and benefits, hours of work, and promotions.

(Docket No. 3, Ex. A).  Moll specifically complained that a promotion she received on August 17, 2003 was "to a lower level position than similarly situated males" and generally alleged that she had been retaliated against after making complaints to Verizon's management of sexual discrimination, sexual harassment and hostile work environment (*Id.*).

On July 16, 2004, Moll filed an amended charge with the EEOC which contained substantially the same allegations as are now set forth in paragraphs 8 through 61 of her Complaint, summarized above (*Id.*, Ex. D).

Approximately three and one-half weeks later, at Moll's request, the EEOC issued a Notice of Right to Sue dated August 9, 2004 (*Id*., Ex. G).

## C.    Procedural History

Moll instituted this action on October 5, 2004, by filing a Complaint in the United States District Court for the Western District of New York.  Verizon moved to dismiss the Complaint on December 20, 2004.  After full briefing on the motion, this Court heard oral argument on February 25, 2005, and reserved decision at that time.

### III.  DISCUSSION AND ANALYSIS

## A.    Standards on Motion to Dismiss

It is well-settled that in determining a dismissal motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999).  A complaint should be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 319, 322, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

When determining the sufficiency of a plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff's complaint, to documents

attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents offered by the defendant that were either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit. Brass v. American Firm Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993); *see also*, Cortec Ind., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). When matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R. Civ. P. 12(b).

In this case, both parties have offered the EEOC's Notice of Right to Sue, which Moll attached as Exhibit A to her Complaint, and Moll's underlying EEOC charge and amended charge. Plaintiff's counsel has also submitted testimony relative to conversations with EEOC employees; letters, documents and statements purportedly sent to the EEOC by Moll or on her behalf; and charges, affidavits and letters allegedly submitted to the EEOC by other Verizon employees (Docket No. 11, Exs. A-F and H). Verizon has submitted correspondence on various matters between the parties' attorneys and the EEOC relative to Moll's charge and/or amended charge (Docket No. 3, Exs. B, C, E and F). As a preliminary matter, this Court must determine which of the various statements and exhibits to consider in connection with the motion to dismiss.

Applying the principles discussed in Cortec, this Court finds that, for purposes of this Rule 12(b)(6) motion, it may properly consider the EEOC Notice attached to the Complaint and Moll's EEOC charge and amended charge which are both expressly referenced therein (Compl., ¶ 63(a) and (c)). *See* Jadoo v. City of New York, 95 CV 3540, 1997 U.S. Dist. LEXIS 14950, at *6 (E.D.N.Y. Sept. 29, 1997) (EEOC charge submitted with defendants'

6

12(b)(6) motion was incorporated in the complaint by reference and did not convert motion to one for summary judgment).  In the alternative, it is well settled that a plaintiff's EEOC charge and the agency's determination on the charge are public records of which the Court can take judicial notice.  Dollinger v. State Ins. Fund, 44 F. Supp. 2d 467, 472 (N.D.N.Y. 1999) (EEOC complaints and agency findings are matters of public record); Blunt v. Aetna/US Healthcare, No. 04cv483, 2005 U.S. Dist. LEXIS 13199, at *4-5 (D. Conn. June 30, 2005) (an EEOC charge may be considered either as a matter referenced in the complaint or as a public record subject to judicial notice).

However, neither party has cited to any authority that would support the consideration of other types of documents purportedly submitted to the EEOC in connection with charges filed by Moll and others—e.g., attorney letters, position statements, employment records— and the Court declines to consider these submissions. Likewise, the Court will not consider hearsay accounts of conversations with EEOC investigators set forth in the affidavits submitted by Plaintiff's counsel.

This leaves Plaintiff's offer of EEOC charges filed against Verizon by individuals who are not parties to this action.  While the Court does not dispute that such charges are public records, the charges are not referenced in Moll's Complaint and, even upon the most favorable reading, it is apparent that Moll did not rely on the content of these other charges in drafting her own Complaint.[2]  Accordingly, they will not be considered.

---

[2] Plaintiff does make reference to Anne Byrne in her Complaint and alleges that they both were assigned to cubicles instead of private offices, required to be available by cell phone during their vacations and required to act as primary Sales Engineers to assigned accounts while men were not (Compl., ¶¶ 40, 47, 55).  None of these incidents are alleged in Byrne's EEOC charge, which makes specific reference only to the denial of a promotion and her receipt of a negative performance review.

**B.     Defendant's Motion to Dismiss**

As discussed above, Moll's Complaint alleges sex-based disparate treatment and hostile work environment, unequal pay and retaliation.  Verizon argues that: (1) with the exception of a single incident, Moll did not timely exhaust her administrative remedies relative to the majority of her Title VII claims; (2) her "tag along" HRL claims are not properly before the Court; and (3) her allegations with respect to the Equal Pay Act fail to state a claim and, furthermore, are time-barred (Docket No. 4).  This Court will address each argument, starting with the Title VII claims.

**1.     Title VII**

Verizon's contentions regarding Moll's Title VII claims are two-fold; first, with the exception of one specified event, the original EEOC charge is too vague to serve as the predicate for this lawsuit, and second, the amended charge does not "relate back" to the original charge, thereby rendering most of the allegations in the amended charge untimely. Moll opposes Verizon's arguments and also contends that the continuing violation doctrine applies to salvage any allegations that might otherwise be untimely.  In this Court's view, the relationship between the original charge and amended charge must be addressed before considering whether or not the charge meets the exhaustion requirement of Title VII.

**(a.)     Relation Back and Timeliness**

To maintain an action under 42 U.S.C. §2000e-5, a plaintiff must ordinarily file a timely charge with the EEOC, receive from that agency a right to sue letter, and commence an action within 90 days of receipt of that letter.  Van Zant v. KLM Royal Dutch Airlines, 80

F.3d 708, 712 (2d Cir. 1996); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994).  In New York state, which has its own anti-discrimination laws and enforcement agency, an administrative charge must be filed with the EEOC or the New York State Department of Human Rights within 300 days of the alleged discrimination.  42 U.S.C. §2000e-5(e); 29 C.F.R. § 1601.13; Harris v. City of New York, 186 F.3d 243, 247 n.2 (2d Cir. 1999). However, the EEOC's procedural regulations provide three circumstances in which an amendment to a charge "will relate back to the date the charge was first received."  29 C.F.R. § 1601.12(b)  To relate back, an amendment must either: (1) cure technical defects or omissions; (2) clarify and amplify allegations in the charge; or (3) allege additional acts related to or growing out of the subject matter of the original charge.  Id.

Moll filed her original EEOC charge on September 19, 2003, alleging sex-based disparate treatment, a sex-based hostile work environment and retaliation (Docket No. 3, Ex. A).  The original charge generally alleged the circumstances on which Moll based her disparate treatment claim—work assignments, evaluations, customer positioning events, wages, benefits, hours of work and promotions.  In addition, Moll alleged that she was subjected to "comments and conduct which were offensive and sexual in nature" and that she was retaliated against in unspecified ways after she complained to management of sex discrimination.[3]  Her amended charge, filed on July 16, 2004, is based upon the same theories of recovery, but provides dates and details for the alleged disparate treatment and, with regard to the offensive comments, the name of the offending individual, the dates

---

[3]  For the EEOC's purposes, a charge is sufficient when the EEOC "receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  29 C.F.R. § 1601.12(b).

the conduct occurred and the general nature of the comments (*Id.*, Ex. D)

Verizon urges that the amended charge contains so many new factual allegations that it constitutes a new and distinct charge that does not relate back to the original.  In response, Moll argues that the amended charge relates back because all of its allegations are of the same  nature as those in the original charge.[4]  For the reasons stated below, this Court finds that the amendment "clarifies and amplifies" the allegations in the original charge and, therefore, relates back to the filing date of the original charge.

A number of Circuit Courts have considered 29 C.F.R. § 1601.12(b) and have had no difficulty determining that an amendment that raises an entirely new legal theory does not relate back to an original charge of discrimination.  Manning v. Chevron Chem. Co. LLC, 332 F.3d 874, 878 (5th Cir. 2003) (amendment alleging disability discrimination does not relate back to original charge for race, gender and retaliation); Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1327 (10th Cir. 1999) (amended charge does not relate back where original charge alleged only race discrimination and amended charge includes retaliation as "a new theory of recovery"); Fairchild v. Forma Scientific, Inc. 147 F.3d 567, 575-76 (7th Cir. 1998) ("[a]n untimely amendment that alleges an entirely new theory of recovery does not relate back to a timely filed original charge" and amendment alleging disability discrimination does not relate back to original charge for age discrimination); Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 963-64 (4th Cir. 1996) (age discrimination claim does not relate back to originally filed

---

[4]  Although this Court agrees with Plaintiff's general statement in this regard, it does not reach its conclusion upon the reasoning advanced by Plaintiff, who relies on her "supporting statement" and other submissions to the EEOC.  As already noted, only the charge, amended charge and right to sue notice will be considered in connection with the pending motion.

charge of sex discrimination). *Accord*, Hopkins v. Digital Equip. Corp., No. 93 Civ. 8468, 1998 U.S. Dist. LEXIS 15762, at *6 (S.D.N.Y. Oct. 8, 1996) (Disability discrimination and retaliation claims in the amended charge are not entitled to a benefit of the original filing date, even though those claims are based on incidents described in the original race discrimination charge, since neither disability discrimination nor retaliation claims flow from race discrimination); Stone v. Western Res., Inc., 217 F.Supp. 1188, 1192-1193 (D. Kan. 2002) (age discrimination claim in amended charge does not relate back to original charge of sex discrimination); Taxey v. Maricopa County, 237 F. Supp. 2d 1109, 1113 (D. Ariz. 2002) (amended charge of national origin discrimination does not relate back to original age discrimination claim).

On the other hand, an amended charge that adds incidents occurring both prior to and following the filing of an original charge will relate back to the original filing date where the newly alleged incidents "clarify and amplify" or "grow out of" the subject matter of the original charge. Hopkins, 1998 U.S. Dist. LEXIS 15762, at *5-6 (while newly alleged retaliation and disability claims do not relate back to original charge of race discrimination, the numerous additional incidents of race discrimination alleged in amended charge do); McAfee v. Am. Warehousing Servs., No. 04 C 1240, 2004 U.S. Dist. LEXIS 16507, at *4 (N.D. Ill. Aug. 18, 2004) (Additional facts or occurrences of the discrimination already complained of meet the relation back standard, but additional theories of legal liability do not).

Although there appear to be few decisions that discuss the "clarification and amplification" of charges under 29 C.F.R. § 1601.12(b) in anything but the most general terms, this Court is not persuaded by Verizon's argument that additional facts pleaded in

11

support of the same legal theories, if sufficiently numerous, will fall outside that regulation's "relation back" provision.  In particular, the Court believes Verizon's reliance on <u>Shapiro v. AOE/RICOH, Inc.</u>, No. 96 Civ. 7274, 1997 U.S. Dist. LEXIS 11443 (S.D.N.Y. Aug. 7, 1997) is misplaced.  Upon review of that decision, it is apparent that it is not the introduction of additional facts that the district court objected to, but the claimant's attempt to broaden her original charge, alleging disparate treatment only, to one that would include a claim of hostile work environment based upon sexually explicit remarks when nothing of that sort had been previously alleged.  *Id*. at *8.  Other courts that have reviewed similar amendments have concluded that even where the general category of discrimination remains the same, new allegations do not supplement and relate back to the original charge if they are so different in type that they actually alter the basis for the claim.  *See, e.g.*, <u>Hornsby v. Conoco, Inc.</u>, 777 F.2d 243, 247 (5th Cir. 1985) (amendment does not relate back to original charge of sex and age discrimination where amendment adds "both a new and independent charge, sexual harassment, and new and independent facts to support this claim"); <u>Spikes v. UPS</u>, 02 C 6792, 2003 U.S. Dist. LEXIS 17828, at *2 (N.D. Ill. Oct. 1, 2003) (amended charge alleging ADA violation based on mental retardation does not relate back to original charge where the ADA violation was based on dyslexia).

Other than claiming that Moll's charge moved from the general to the specific, Verizon has not identified any fact allegations in the amended charge that are categorically different than what was alleged in the original charge, nor has it pointed to the introduction of a new theory of recovery.  Accordingly, it is this Court's conclusion that the amended charge relates back to the original filing date of September 19, 2003, which renders only allegations of conduct occurring prior to November 23, 2002 untimely.  *See* <u>Miller v. New</u>

York City Health & Hosp. Corp., No. 00 Civ. 140, 2004 U.S. Dist. LEXIS 17050, at *8 (S.D.N.Y. Aug. 25, 2004) ("An incident that was not charged to the EEOC or DHR within 300 days of its occurrence is time-barred."). Moll concedes that incidents of disparate treatment and retaliation occurring prior to November 23, 2002 are time-barred (Docket No. 10, pp. 19-20). Thus, a dispute exists only with regard to Moll's claim of hostile work environment.

Verizon contends that Moll's third cause of action for hostile work environment in violation of Title VII is subject to dismissal in its entirety because the most recent alleged act of sexual harassment occurred in May 2001 (Compl., ¶ 31, Docket No. 3, Ex. D, ¶ 25). Moll counters that the continuing violation doctrine saves her untimely allegations because "all of the allegations in [the] Complaint may be used to demonstrate . . . a hostile work environment based upon Plaintiff's sex, even if many of the allegations are non-sexual in nature" (Docket No. 10, p. 19). In this Court's view, Plaintiff's argument is unavailing.

"In the case of a hostile work environment claim, the statute of limitations requires that only one sexually harassing act demonstrating the challenged work environment occur within 300 days of filing; once that is shown, a court and jury may consider 'the entire time period of the hostile environment' in determining liability." Petrosino v. Bell Atl., 385 F.3d 210, 220 (2d Cir. 2004) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)); see also, Patterson v. County of Oneida, 375 F.3d 206, 220 (2d Cir. 2004). While this proposition generally favors Plaintiff, she has one insurmountable problem. Even upon the broadest reading of her Complaint, Moll does not premise her hostile work environment claim on "all of the allegations" in her Complaint including those that "are non-sexual in nature." Rather, the claim is expressly based upon

13

"sexually offensive acts" (Compl., ¶ 86).  Similarly, Moll's original EEOC charge alleges a hostile work environment based upon "comments and conduct which were offensive and sexual in nature" (Docket No. 3, Ex. A).  The amended EEOC charge does not allege anything more; it merely identifies the purported harasser and the nature of his offensive comments and conduct (*Id.*, Ex. D).  Because Moll has not alleged that any sexually offensive comments or conduct occurred on or after November 23, 2002, her hostile work environment claim is entirely outside the 300 day limitations period and is time-barred.

In sum, Plaintiff's Title VII claim of hostile work environment is dismissed in its entirety as untimely, as are all allegations of disparate treatment and retaliation under Title VII occurring prior to November 23, 2002.

### (b). Failure to Exhaust Administrative Remedies

Ordinarily, a plaintiff commencing a Title VII action must exhaust her administrative remedies by first presenting her claims to the EEOC.  Bailey v. Colgate-Palmolive Co., No. 99 Civ. 3228, 2003 U.S. Dist. LEXIS 8175, at *33-34  (S.D.N.Y. May 13, 2003), *aff'd*, 2004 U.S. App. LEXIS 6106 (2d Cir. Apr. 1, 2004).  Failure to do so defeats the purpose of Title VII's statutory notice provision, which is "to encourage settlement of discrimination disputes through conciliation and voluntary compliance."  Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 26 (2d Cir. 1985); Burnett v. ESL Fed. Credit Union, 198 F. Supp. 2d 307, 314-15 (W.D.N.Y. 2002).  Consequently, courts routinely dismiss unexhausted Title VII claims. Bailey, 2003 WL 21108325, at *12 (citing cases).

However, under some circumstances, courts may entertain claims that, while not expressly raised in the underlying administrative charge, are "reasonably related" to it. *See*

14

Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds as stated in*, Hawkins v. 1115 Legal Servs. Care, 163 F.3d 684, 693 (2d Cir. 1998).  In Butts, the Second Circuit discussed three situations where unexhausted claims may be "reasonably related" to properly presented claims: (1) "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;" (2) where the "claim is one alleging retaliation by an employer against an employee for filing an EEOC charge" and (3) "where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge."  Butts, 990 F.2d at 1402-03 (quotations and citations omitted).

Verizon argues that because Moll's original charge contained only general, conclusory allegations and because none of the "reasonably related" circumstances in Butts are met with regard to the original charge, it fails to satisfy the exhaustion requirement with respect to any of the facts presented in the instant Complaint.

This Court has already determined that Moll's amended charge clarifies and amplifies her original charge such that it relates back to the original filing date.  Verizon does not argue that the charge, as amended, is insufficient to meet the exhaustion requirement, nor has it presented any authority to suggest that, once a charge is amended, the amendment should be ignored for the purpose of an exhaustion analysis.  In fact, courts routinely consider the content of amended charges in determining whether allegations in a federal complaint are reasonably related to the underlying administrative charge.  *See* Katz v. Beth Isr. Med. Ctr.,  2001 U.S. Dist. LEXIS 29, at *15-19 (S.D.N.Y. Jan. 4, 2001) (considering original EEOC charge and the amendments thereto in

determining whether claims raised in federal complaint were reasonably related); James v. Newsweek, 1999 U.S. Dist. LEXIS 15588, at *27-29 (S.D.N.Y. Sept. 30, 1999) (same); Ciancio v. Gorski, 1999 U.S. Dist. LEXIS 5136, at *6-7 (W.D.N.Y. April 14, 1999) (same). Therefore, Verizon's exhaustion argument based solely on the adequacy of the original charge is without merit.

The Court also rejects Verizon's further contention that, for purposes of exhaustion, there is some amount of time greater than three and one-half weeks during which the amended charge should have remained with the EEOC for investigation prior to issuance of a right to sue notice.

First, the EEOC's regulations do not impose any time limitation on the filing of an amendment.  29 C.F.R. § 1601.12(b).  Beyond that, courts examining this issue, including this district, have concluded that amendment is permissible at any time prior to the EEOC's issuance of a right to sue notice and closure of its investigation.  Sergilus v. Covenant House Under 21,  No. 96 Civ. 6210, 1999 U.S. Dist. LEXIS 14254, at *8-9 (S.D.N.Y. Sept. 15, 1999) (citing Balasz v. Liebenthal, 32 F.3d 151, 157 (4th Cir. 1994); Cooper v. Xerox Corp., 994 F. Supp. 429, 434 (W.D.N.Y. 1998); Shapiro, 1997 U.S. Dist. LEXIS 11443, at *6-7 (S.D.N.Y. Aug. 7, 1997)).

Finally, the fact that the EEOC may not have fully investigated the allegations in the amendment prior to issuance of a right to sue notice is of no discernable relevance to the exhaustion issue.  The EEOC often is unable to complete the administrative processing of a charge within the 180 days in which a charge is to remain pending with the agency and, in fact, its form notice (see Docket No. 3, Ex. G) anticipates the issuance of right to sue notices in connection with charges for which an investigation has not been completed.

16

Here, the EEOC accepted Moll's amendment and then issued a right to sue notice based upon the passage of more than 180 days.  Notwithstanding Verizon's argument that Plaintiff's counsel acted in bad faith by requesting issuance of the right to sue notice soon after amending the charge, Verizon had provided no authority to support a conclusion that this Court should not consider the amended charge for purposes of administrative exhaustion.

### 3.    Equal Pay Act Claim

Moll claims that she was subjected to sex-based wage disparity in violation of both Title VII and the Equal Pay Act ("EPA").  In support, she names three male employees and alleges that she was required to perform the same or substantially the same job as they, their work required equal skill, effort and responsibility, and the work was performed under similar working conditions, but that she received a lesser rate of pay (Compl., ¶¶ 61, 122). Moll also alleges that there is no non-discriminatory reason, such as a system awarding additional pay for merit, seniority or production, that would account for the pay disparity between her and the named male employees (*Id*., ¶¶ 62, 123).

Verizon moves to dismiss the EPA claim (the seventh cause of action) on the grounds that: (1) Moll has advanced "only 'vague and general' conclusory allegations" which cannot support a claim; and (2) the claim is untimely.  Plaintiff's response primarily addresses an issue not raised by Verizon and fleetingly discusses the timeliness issue. Nevertheless, this Court finds that neither of Verizon's arguments warrant dismissal of this claim in its entirety.

Verizon's "failure to state a claim" argument simply is not supported by the decisions

17

cited.  For example, <u>Dargento v. Bally's Holiday Fitness Centers</u>, 990 F. Supp. 186 (W.D.N.Y. 1997) involved a motion for summary judgment, not a motion to dismiss, and also seems to have been decided on the erroneous premise that an EPA claim carries with it an administrative exhaustion requirement.  *See* <u>County of Washington v. Gunther</u>, 452 U.S. 161, 175 n.14, 101 S. Ct. 2242, 68 L. Ed. 2d 751 (1981) (unlike Title VII, the EPA does not require a grievant to exhaust administrative remedies prior to the commencement of a civil action).

In contrast with the plaintiff in <u>Bass v. World Wrestling Fed'n Entm't, Inc.</u>, 129 F. Supp. 2d 491 (E.D.N.Y. 2001), Moll's EPA allegations are not made "upon information and belief" and she expressly identifies three male counterparts who received higher pay.  The <u>Bass</u> court indicated that this was precisely the type of pleading that could have salvaged that plaintiff's conclusory allegations.  Similarly, the *pro se* plaintiff in <u>Frasier v. General Electric Co.</u>, 930 F.2d 1004, 1007-1008 (2d Cir. 1991), who did not initially intend to pursue an EPA claim, couched her allegations of unequal pay in entirely conclusory terms and compared herself only to consultants, rather than to fellow employees.  Although the Second Circuit sustained the district court's Rule 12(b)(6) dismissal, it determined that the plaintiff should have been granted leave to amend on the ground that she might be able to adduce facts suggesting that the consultants should be deemed employees within the meaning of the EPA.  Again, this suggests that an EPA plaintiff who expressly compares herself with other employees has sufficiently stated a claim.

The last case cited by Verizon, <u>Lacey v. Carroll McEntee & McGinley, Inc.</u>, No. 93 Civ. 8832, 1994 U.S. Dist. LEXIS 15298 (S.D.N.Y. Oct. 26, 1994), dismissed an EPA claim against certain defendants based on the plaintiff's failure to allege facts in support of each

element of her claim.  *Id*. at *7-8.  While this decision may have reflected the state of the law in the Second Circuit in 1994, such is no longer the case.

In 2002, the United States Supreme Court considered the case of <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), for the purpose of resolving a split among the Circuit Court of Appeals on the question of whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a *prima facie* case of discrimination to survive a motion to dismiss.[5]  The Supreme Court found that the *prima facie* showing is "an evidentiary standard, not a pleading requirement," *id*. at 510, and held that a plaintiff alleging employment discrimination need not plead all the elements of a *prima facie* case so long as the complaint provides the defendant "fair notice of what [the] claims are and the grounds upon which they rest" in accordance with Fed. R. Civ. P. 8.  *Id*. at 514.  The Supreme Court explicitly rejected the Second Circuit's "heightened pleading standard in employment discrimination cases . . .," finding it in conflict with Rule 8's requirement that the complaint need only include "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Id*. at 512 (*quoting* Fed. R. Civ. P. 8(a)(2)).  The Court noted that the simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of claims that are unmeritorious.  *Id*. (*citing* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 122 L. Ed. 2d

---

[5]  Although <u>Swierkiewicz</u> involved a Title VII claim, it is well-settled that EPA claims are analyzed under the same general standards as Title VII.  <u>Gerbush v. Hunt Real Estate Corp.</u>, 79 F. Supp. 2d 260, 262 (W.D.N.Y. 1999), *aff'd*, 234 F.3d 1261 (2d Cir. 2000).

517 (1993)).  The Court went on to reaffirm the long-settled standard for deciding motions to dismiss, stating that "'[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)).

Here, Moll generally alleges each element of an EPA claim and specifically identifies three males to whom she compares herself.  It cannot be said that this is insufficient to give Verizon fair notice of what her claim is and the purported disparity upon which it rests.  Nor can it be said that there is no set of facts consistent with Moll's allegations that would entitle her to relief.  Accordingly, dismissal on this basis is inappropriate.

As for Verizon's timeliness argument, the limitations period for an EPA claim is two years after the cause of action accrues, or three years if the claim arises out of a willful violation.  29 U.S.C. § 255(a).  Under the EPA, a separate claim accrues each time the claimant receives a paycheck reflecting discriminatory wages.  Pollis v. The New Sch. for Social Research, 132 F.3d 115, 119 (2d Cir. 1997); Downes v. J.P. Morgan Chase & Co., 03 Civ. 8991, 2004 U.S. Dist. LEXIS 10510, at *23 (S.D.N.Y. June 8, 2004); Erickson v. New York Law School, 585 F. Supp. 209, 213 (S.D.N.Y. 1984).

Although Moll's Complaint does not specify any dates with regard to the purported EPA violation, one of the individuals with whom she compares herself, David Winley, was hired in or about April 2002, within the three year period that is potentially applicable to this claim (Compl., ¶¶ 35, 61).  Thus, Moll's seventh cause of action survives Verizon's motion

to the extent she alleges that paychecks she received on or after October 5, 2001[6] reflect a discriminatory pay disparity.

### 4.    The Human Rights Law Claims

Moll's claims under the HRL must be brought within three years of the alleged discriminatory act or acts.  N.Y. C.P.L.R. § 214(2); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996).  Unlike Title VII, the HRL does not include an administrative exhaustion requirement.  Crespo v. New York City Transit Auth., No. 01-CV-0671, 2002 U.S. Dist. LEXIS 2977, at *31 (E.D.N.Y. Jan. 7, 2002); see N.Y. Exec. L. § 297(9) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . .").  Thus, to the extent Moll's HRL allegations are premised on conduct occurring on and after October 5, 2001, her claims are timely and procedurally viable.

In moving to dismiss, Verizon characterizes Moll's HRL claims as mere "tag alongs" to the Title VII claims.  It urges that all HRL allegations that correspond to procedurally deficient Title VII claims should be dismissed.  Verizon points to other decisions in this Circuit which have declined to exercise supplemental jurisdiction based on concerns that the plaintiffs would, in effect, get their Title VII claims in the back door of the courthouse were the HRL claims to proceed.  Crespo, 2002 U.S. Dist. LEXIS 2977, at *32-33; Cable v. New York State Thruway Auth., 4. F. Supp. 2d 120, 127 (N.D.N.Y. 1998); McNight v. Dormitory Auth. of State of New York, 995 F. Supp. 70, 81 (N.D.N.Y. 1998); Spurlock v.

---

[6]  Actual recovery for this three year period, as opposed to the two year limitations period generally applicable to such claims, will depend on Plaintiff's ability to prove not only the existence of a violation, but willfulness.

NYNEX, 949 F. Supp. 1022, 1035 (W.D.N.Y. 1996).

This Court acknowledges that the courts in each of the foregoing decisions, without engaging in analysis, exercised their discretion to decline supplemental jurisdiction. However, this Court concludes that such an exercise of discretion is not appropriate in this case.

Pursuant to 28 U.S.C. § 1367(a) and subject to that section's stated exceptions, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." [emphasis supplied]. District courts may decline to exercise supplemental jurisdiction where (i) a novel or complex issue of state law is raised, (ii) the state law claim substantially predominates over the federal claims, (iii) the court has dismissed all claims over which it has original jurisdiction, or (iv) there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

In this Court's view, none of the exceptions exist here.  The HRL allegations form part of the same case or controversy, the substantive analysis of those allegations is based on federal law, the Court has original jurisdiction over Moll's remaining Title VII and EPA claims and the state law claims do not predominate, and Verizon has presented no other compelling reason for declining jurisdiction.  Its "back door" argument ignores the fact that Moll's HRL claims arise from a separate and independent statutory basis for recovery.  In sum, there is no reason that Moll should be required to litigate her HRL claims in another forum where they share a common nucleus of operative fact with the remaining federal claims such that the plaintiff would ordinarily be expected to try them all in one judicial

22

proceeding.  *See* <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725, 86 U.S. 1130, 16 L. Ed. 2d 218 (1966).

That being said, Verizon correctly argues that because the HRL claims are subject to a three-year statute of limitations measured from the filing of this lawsuit on October 5, 2004, many of Moll's allegations are time-barred under this theory of recovery. Specifically, her fourth cause of action for hostile work environment under the HRL is subject to dismissal in its entirety because the last purported "sexually offensive act[ ]" (Compl., ¶ 86) occurred in May 2001 and all such conduct is, therefore, outside the limitations period.  Similarly, Moll is barred from seeking recovery under the HRL for any alleged incidents of disparate treatment or retaliation occurring prior to October 5, 2001.

## IV.  CONCLUSION

For the foregoing reasons, Verizon's motion to dismiss Plaintiff's Title VII and HRL hostile work environment claims (third and fourth causes of action) is granted; its motion to dismiss the Title VII disparate treatment and retaliation claims (first and fifth causes of action) is granted as to allegations of conduct occurring prior to November 23, 2002 and denied in all other respects; and its motions to dismiss the HRL disparate treatment and retaliation claims (second and sixth causes of action) and the Equal Pay Act claim (seventh cause of action) are granted as to allegations of conduct occurring prior to October 5, 2001 and denied in all other respects.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss pursuant to Rule

12(b)(6) (Docket No. 2) is GRANTED in part, and DENIED in part.

SO ORDERED.

Dated:        September 28, 2005
              Buffalo, New York


                                        /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge