UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CINDY L. MOLL,

                Plaintiff,

     v.                                    **DECISION AND ORDER**

TELESECTOR RESOURCES GROUP, INC.    04-CV-805S(Sr)
d/b/a VERIZON SERVICES GROUP a/k/a
VERIZON NEW YORK, INC.,

                Defendant.

---

      1.      Plaintiff commenced this employment discrimination action on October 5, 2004. Remaining in the case are certain of Plaintiff's disparate treatment and retaliation claims under Title VII and the New York State Human Rights Law, and an Equal Pay Act claim.

      2.      The Court referred this case to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, for all pretrial matters and for hearing and disposition of all non-dispositive motions or applications.

      3.      On September 28, 2007, Judge Schroeder issued a Decision and Order granting in part and denying in part Plaintiff's Motion to Compel.

      4.      On October 15, 2007, Defendant timely filed objections to the Decision and Order, in accordance with Local Rule 72.3(a)(2). This Court will reconsider a magistrate judge's decision on a pretrial matter only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Local Rule

72.3(a)(2); Candelaria v. Baker, 00-CV-0912E(Sr), 2006 WL 618576, at *1 (W.D.N.Y. Mar. 10, 2006).

5.  The Court is familiar with the pleadings in this case and has carefully reviewed Judge Schroeder's Decision and Order, Defendant's Objections, and Plaintiff's Response.

6.  In ruling on Plaintiff's Document Demand 1, Judge Schroeder held that "plaintiff's demand for confidential personnel records of individuals outside of plaintiff's job classification and several management levels above her direct supervisor is overly broad" and denied that aspect of Plaintiff's Motion to Compel. (Docket No. 45 at 4.)  Interrogatory Request 4 sought narrative information about the same individuals named in Document Demand 1, most if not all of which would be contained in personnel files.  Judge Schroeder held that "[s]ince the Court is not requiring the defendant to produce the contents of the personnel files for all of the individuals requested in Document Demand No. 1, the defendant shall be required to respond to this interrogatory with respect to those individuals." (*Id.* at 6.)  Defendant claims that these two rulings are entirely inconsistent and that Judge Schroeder must have intended that the sentence read "defendant shall **not** be required to respond . . . ."  This Court has confirmed with Judge Schroeder that Defendant is correct, and that the omission of the word "not" was a typographical error. Accordingly, this aspect of Defendant's Objections is granted.

7.  Defendant next argues that Plaintiff is not entitled to W-2s or 1099s of comparative employees and that Judge Schroeder's determination in this regard was both erroneous and contrary to law.  This Court disagrees.  To the extent that Defendant wishes

to rely on Plaintiff's testimony, it appears to seek a ruling on the merits of Plaintiff's Equal Pay Act claim, thereby negating the relevance of comparative compensation information. That is not the proper subject of a motion to compel or objections and, in any event, Defendant has not pointed to any concession by Plaintiff that its incentive compensation was "gender neutral." The cases Defendant cites are equally unpersuasive. The <u>DeLena</u> case from this District did not involve an Equal Pay Act claim, and the Court found that the plaintiff did not need comparative compensation information to calculate her own individual damages. The remainder of the cited cases discuss the disclosure of tax returns, which give rise to a host of privacy issues not inherent in W-2s or 1099s.

8. In connection with that same issue, Defendant contends that if it is required to produce the documents, it should be permitted to redact them. I first note that Defendant does not claim to have argued for redaction before Judge Schroeder. Any purported failure to render a decision on an issue not raised is neither clearly erroneous nor contrary to law. I further note that the parties have a confidentiality agreement in place and that this Court's Administrative Procedures Guide provides rules for the redaction of filed documents. Defendant has not identified any reason why these safeguards are not sufficient.

9. Defendant goes on to urge that Judge Schroeder erroneously instructed it to produce documents relating to positions that Plaintiff never sought.[1] Again, this Court finds no clear error. The hiring of David Winley and Kevin Dean, whose original positions were later converted to Sales Engineer positions, cannot be said to be irrelevant to Plaintiff's

---

[1] Defendant also reasserts its objection to producing incentive compensation information. That issue has already been dealt with and will not be discussed again.

3

claims that women were denied the opportunity to apply for these positions because the positions were not posted and that males received preferential treatment by being hired into higher-level positions than they were qualified for. I also reject the contention that this Court's decision on summary judgment in <u>Byrne v. Telesector</u>, works to preclude this Plaintiff from obtaining discovery in her own individual discrimination case.

IT HEREBY IS ORDERED that Defendant's Objections to Magistrate Judge Schroeder's Decision and Order (Docket No. 47) are GRANTED only with respect to Judge Schroeder's ruling on Interrogatory Request 4, as set forth in paragraph 6 above, and are DENIED in all other respects.

SO ORDERED.

Dated:   November 5, 2007
         Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge