UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**CINDY MOLL,**

                                   **Plaintiff,**

v.                                                                                    04-CV-0805S(Sr)

**TELESECTOR RESOURCES GROUP, INC.,**

                                   **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #15.

Plaintiff's second amended complaint alleges disparate treatment on the basis of sex; a hostile work environment; and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law §§ 290 *et seq*., as well as violations of the Equal Pay Act, 29 U.S.C. § 206 *et seq*. Dkt. #148.

Currently before the Court is plaintiff's motion to compel responses to its fourth set of interrogatories and document requests (Dkt. #170), and defendant's motion to compel responses to its third set of interrogatories and document requests. Dkt. #171. For the following reasons, plaintiff's motion to compel is denied as moot and defendant's motion to compel is granted in part.

**Plaintiff's Fourth Set of Interrogatories & Request for Production of Documents**

In support of her motion to compel, plaintiff's counsel declares that she spoke with defendant's counsel who generally agreed to supplement defendant's responses to address plaintiff's objections, but filed this motion to protect her client's interests because the deadline for motions to compel preceded the date by which defendant's counsel indicated he would be able to produce defendant's supplemental responses. Dkt. #170-1, ¶¶ 16-18.

In response, defendant's counsel declares that defendant produced the documents relevant to plaintiff's motion to compel on November 25, 2015. Dkt. #181, ¶ 10. Defendant's counsel further declares that he invited plaintiff's counsel to specifically identify any remaining documents at issue, but has received no response. Dkt. #181, ¶ 11.

Plaintiff's counsel did not reply or otherwise indicate to the Court that there remain any outstanding discovery issues. Accordingly, plaintiff's motion to compel (Dkt. #170), is denied as moot.

**Defendant's Third Set of Interrogatories & Request for Production of Documents**

<u>Substance of Witness Knowledge</u>

**Interrogatory #1** asks plaintiff, to the extent not already identified in prior discovery responses, to "identify each and every person who has or may have knowledge or information supporting, refuting, or otherwise relating to the claims and

allegations set forth in the Second Amended Complaint and state specifically and in detail what plaintiff believes to be the substance or scope of each person's knowledge or information.  Dkt. #173-2, p.10.

Plaintiff responded by referring defendant to paragraph A of her Second Supplemental Initial Disclosures Pursuant to Rule 26(a), dated June 5, 2015, which identified 35 individuals by name as likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, including plaintiff's allegations of discrimination, harassment, hostile environment, retaliation, unequal pay and damages.  Dkt. #173-2, p.10 & Dkt. #173-4, pp.2-4.

Defendant argues that plaintiff's response fails to state specifically and in detail what plaintiff believes to be the substance or scope of each person's knowledge or information.  Dkt. #172, p.6.

Plaintiff argues that her responses are sufficient, particularly given that many of the individuals identified have been deposed.  Dkt. #179, pp.2-3.

In light of the extensive discovery and motion practice which has taken place during the pendency of this action, the Court finds plaintiff's response to this interrogatory is sufficient.

<u>Plaintiff's Communication with Third Parties</u>

**Interrogatory #3** seeks the identity of every person plaintiff has contacted, or attempted to contact, regarding this lawsuit and asks plaintiff to state the date that she contacted or attempted to contact each such person; how she communicated with that person; the nature and substance of her discussions with that person; and to identify any documents relating or reflecting her communication with that person. Dkt. #173-2, p.11.

Plaintiff refused to respond to this interrogatory on the ground that it was vague, overly broad and unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of otherwise admissible information and sought material prepared in anticipation of litigation and/or attorney work product. Dkt. #173-2, p.12. In support of her objection, plaintiff cites *Tracy v. NVR, Inc.*, 250 F.R.D. 130 (W.D.N.Y. 2008).

Defendant declares that plaintiff contacted Chris Gaglione, a former employee of defendant, in February of 2010. Dkt. #173, ¶ 8. Defendant is also aware that plaintiff sent at least one text message to Robert Dixon, a former manager of defendant, to solicit his willingness to participate in this action as a witness on plaintiff's behalf. Dkt. #173, ¶ 9. Defendant argues that plaintiff's communications with potential witnesses are not protected by any privilege which would attach to attorney communications. Dkt. #172, p.7.

In *Tracy v. NVR, Inc.*, Magistrate Judge Payson determined that defendant need not respond to an inquiry seeking the identification of individuals who were contacted or interviewed by counsel. 250 F.R.D. at 132. In reaching this conclusion, Judge Payson specifically distinguished "discovery requests that seek the identification of persons with knowledge about the claims or defenses . . . – requests that are plainly permissible – and those that seek the identification of persons who have been contacted or interviewed by counsel concerning the case." *Id.*  As *Tracy* is distinguishable from the discovery demand at issue in this action in that defendant is seeking plaintiff's contacts with witnesses rather than contacts by plaintiff's counsel, plaintiff shall supplement her response to this interrogatory to identify any individual she contacted regarding this lawsuit and include the approximate date of any such contact, as well as a general summary of any communication she had with such person.

**Interrogatory #4** seeks the identity of all persons from whom plaintiff, or any person acting on plaintiff's behalf, has obtained statements, declarations or affidavits about the subject matter of this lawsuit or any allegation in the second amended complaint, and identification of any such statements, declarations or affidavits that have been so obtained. Dkt. #173-2, p.12.

Plaintiff refused to respond to this interrogatory on the ground that it was vague, overly broad and unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of otherwise admissible information and sought material prepared

in anticipation of litigation and/or attorney work product.  Dkt. #173-2, p.12.  In support of her objection, plaintiff cites *Tracy v. NVR, Inc.*, 250 F.R.D. 130 (W.D.N.Y. 2008).

Defendant clarifies that it is not seeking information obtained by plaintiff's attorney, but only information obtained by plaintiff.  Dkt. #172, p.8.

Plaintiff argues that this interrogatory "seeks to learn about the investigative efforts of Plaintiff and her counsel and to otherwise 'chill' any such efforts."  Dkt. #179, p.5.

In light of plaintiff's response to defendant's **Request for Production #4** indicating that plaintiff has already produced all statements, affidavits or declarations relating or referring to the subject matter of this action or any of plaintiff's claims (Dkt. #173-2, p.3.), the Court finds it unnecessary for plaintiff to respond to this interrogatory.

**Request for Production #5** seeks all documents relating to or reflecting oral or written communication between plaintiff and any current or former employee of Verizon, including but not limited to any and all text messages, emails and other forms of electronic communications.  Dkt. #173-2, p.3.  **Request for Production #6** seeks all documents relating to or reflecting oral or written communication between plaintiff and any potential witness or individual with knowledge of the events alleged or claims asserted in the second amended complaint, including but not limited to any and all text messages, emails and other forms of electronic communications.  Dkt. #173-2, p.4.

Plaintiff objected to each of these requests as vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of otherwise admissible evidence, seeking material prepared in anticipation of litigation and seeking attorney work product.  Dkt. #173-2, pp.3 & 4.  Without waiving those objections, plaintiff responded that she has no documents responsive to this request that pertain to the subject matter of this action or any of plaintiff's claims.  Dkt. #173-2, pp.3 & 4.

Verizon argues that if e-mails or text messages were sent to Chris Gaglione, Bob Dixon or others, they relate to the case, are relevant, should have been preserved, and must be produced.  Dkt. #172, p.13.  Similarly, Verizon argues that if calls were made, plaintiff should be compelled to produce her call data.  Dkt. #172, p.13.

In addition to the arguments set forth in response to interrogatories, plaintiff responds that the requests for production are unlimited in time frame or topic. Dkt. #179, pp.9 & 10.

The Court finds plaintiff's limitation of this document demand to documents pertaining to the subject matter of this action or any of plaintiff's claims to be appropriate.  As a result, plaintiff's representation that she has no such documents renders this aspect of defendant's motion to compel moot.

**Emotional Distress Damages**

**Interrogatory #10** seeks information regarding any damages sought for emotional distress, humiliation, mental anguish or any other type of psychological or emotional injury.  Dkt. #173-2, p.17.

Plaintiff responded that she seeks compensatory damages for emotional pain and suffering, distress, humiliation and embarrassment and alleges that she has suffered depression, depressive disorder, generalized anxiety disorder and adjustment disorder with mixed anxiety as well as physical manifestations of such injuries, including temporomandibular joint symptomology and irritable bowel syndrome symptomolgy.  Dkt. #173-2, p.17.  Plaintiff included the names of medical professionals from whom she has sought treatment for such conditions. Dkt. #173-2, pp.17-18.

Verizon complains that plaintiff has not provided contact information for these medical providers.  Dkt. #172, p.9.

Plaintiff responds that with the exception of one provider, whose contact information was included in her response, the contact information was included in plaintiff's second supplemental initial disclosures.  Dkt. #179, p.6.

The Court denies this aspect of defendant's motion to compel as moot.

## Social Media

**Interrogatory #11** seeks information regarding any social networking services plaintiff has used since January 1, 2003, including username and password, and identification of any postings pertaining to her employment at Verizon or the claims and or defenses relevant to this lawsuit.  Dkt. #173-2, p.18.

Subject to objections, plaintiff responded that she has a Facebook account, but has never made any postings pertaining to her employment with Verizon or any claims or defenses in this action.  Dkt. #173-2, p.18.

**Request for Production #15** demands that plaintiff login to her facebook account, select account settings, select download your information, and then produce that download.

Plaintiff objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to otherwise admissible evidence. Dkt. #173-2, p.7.

**Request for Production #16** seeks a copy of all information posted by or sent to plaintiff on any social networking website or webpage from January 1, 2003 to the present regarding Verizon or relating to the subject matter of this action, any of plaintiff's claims, or any allegation in plaintiff's second amended complaint.  Dkt. #172, p.16.

Plaintiff objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to otherwise admissible evidence. Dkt. #173-2, p.8. Without waiving these objections, plaintiff responded that she has no documents responsive to this request. Dkt. #173-2, p.8.

Defendant argues that plaintiff has placed her emotional state at issue in this lawsuit, thereby opening herself to discovery of her social media posts related to everyday activities in which she has participated. Dkt. #172, p.10. Defendant further argues that plaintiff's social media posts are relevant to its counterclaim contending that plaintiff misrepresented her mental and/or physical condition in order to obtain disability benefits. Dkt. #172, p.10. Defendant contends that it is not for plaintiff to determine what social media evidence may be relevant for the purpose of impeaching her credibility. Dkt. #172, p.10. Defendant also argues that plaintiff's credibility is at issue given its claim that plaintiff collected full-time pay for part-time work in 2001 and attended college full-time in an accelerated degree program while collecting short-term disability payments in 2005 and 2006. Dkt. #173, ¶ 10. Verizon argues that plaintiff has unquestionably posted and/or communicated via social media with respect to her mental and physical condition, including her ability to participate in and enjoy every day activities. Dkt. #172, p.16.

Plaintiff responds that defendant has offered no evidence that plaintiff has posted anything related to her employment at Verizon or the claims and defenses in this lawsuit. Dkt. #179, p.7.

> Defendant generally replies that
>
> > because Plaintiff contends that her employment at Verizon has caused her to suffer depression, anxiety, adjustment disorder with physical impairments relating therefrom, Verizon has the right to review her social media activity documenting the everyday activities in which Plaintiff has participated (social, recreational or otherwise), which are relevant to her mental and physical conditions that she has placed at issue in this litigation.  If she wants, she can produce this information pursuant to the terms of the existing confidentiality agreement, but she must be compelled to fully respond to Interrogatory No. 11 and RFP Nos. 15 and 16.

Dkt. #183, p.7.

> Fed. R. Civ. P. 26(b)(1) provides, in relevant part:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable.

The Advisory Committee Notes to the 2015 Amendment clarifies that the rule was amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."  Furthermore, "pursuant to Rule 26(c), the court may limit discovery even if the information sought is relevant." *Tisby v. Buffalo General Hosp.*, 157 F.R.D. 157, 170 (W.D.N.Y. 1994); *Coyne v. Houss*, 584 F. Supp. 1105, 1109 (E.D.N.Y. 1984). Fed. R. Civ. P. 26(c) provides, in relevant part, that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Moreover, "[t]he management of

discovery lies within the sound discretion of the district court, and the court's rulings on discovery will not be overturned on appeal absent an abuse of discretion." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir. 1997), *cert. denied*, 525 U.S. 936 (1998); *see Robertson v. National Basketball Ass'n*, 622 F.2d 34, 35-36 (2d Cir. 1980) ("Protection against unnecessary discovery is discretionary with the trial court and will be reversed only on a clear showing of abuse of discretion.").

"[A] plaintiff's entire social networking account is not necessarily relevant simply because he or she is seeking emotional distress damages." *Giachetto v. Patchogue-Medford Union Free Sch. Dist.,* 293 F.R.D. 112, 115 (E.D.N.Y. 2013). In other words, "unfettered access to Plaintiff's social networking history will not be permitted simply because Plaintiff has a claim for emotional distress damages." *Id.* at 116; *See Silva v. Dick's Sporting Goods, Inc.*, No. 3:14cv580, 2015 WL 1275840, at *2 (March 19, 2015) (emotional distress claim does not warrant disclosure of all Facebook posts). More specifically, "routine status updates and/or communications on social networking websites are not, as a general matter, relevant to [plaintiff's] claim for emotional distress damages, nor are such communications likely to lead to the discovery of admissible evidence regarding the same." *Giachetto,* 293 F.R.D. at 115. Thus, it is not appropriate to permit unrestricted access to social media "for the purpose of identifying photographs, postings or private messages that may appear inconsistent with someone experiencing emotional distress." *Caputi v. Topper Realty Corp.*, No. 14-CV-2634, 2015 WL 893663, at *7 (E.D.N.Y. Feb. 25, 2015); *See Giachetto,* 293 F.R.D. at 115 ("fact that an individual may express some degree of joy, happiness, or

sociability on certain occasions shed little light on the issue of whether he or she is actually suffering emotional distress."). However, posts specifically referencing the emotional distress plaintiff claims to have suffered or treatment plaintiff received in connection with the incidents alleged in her complaint and posts referencing an alternative potential source of cause of plaintiff's emotional distress are discoverable. *Caputi,* 2015 WL 893663, at *7. In addition, "posts regarding plaintiff's social activities may be relevant to plaintiff's claims of emotional distress and loss of enjoyment of life." *Reid v. Ingerman Smith LLP*, No. CV 2012-0307, 2012 WL 6720752, at *2 (E.D.N.Y. Dec. 27, 2012).

Defendant's request for unrestricted access to plaintiff's facebook account is denied. Accepting plaintiff's representation that she has never made any postings pertaining to her employment with Verizon or any claims or defenses in this action (Dkt. #173-2, p.18), the Court finds this aspect of defendant's motion to compel moot. However, plaintiff is directed to supplement her disclosure to include any posts or comments referencing plaintiff's emotional state or social activities, including any photographs which may have accompanied such posts or comments.

### Telecommunications

**Interrogatory #12** seeks the name of plaintiff's telecommunications services providers, as well as her home and cellular telephone numbers and all electronic mail addresses used by plaintiff since June of 2000. Dkt. #173-2, p.18.

Plaintiff refused to respond to this interrogatory on the ground that it was vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of otherwise admissible evidence and seeking confidential information.  Dkt. #173-2, p.18.

Defendant argues that it requires this information in order to subpoena third-party records.  Dkt. #172, p.12.  Defendant states that this information is relevant to plaintiff's allegations of alleged harassment and discrimination via telephone and email since 2000.  Dkt. #172, p.12.  Defendant also reiterates that plaintiff contacted former and current employees of Verizon during the course of this litigation via text message.  Dkt. #172, p.12.  As a result, defendant argues that it "has every right to obtain from Plaintiff's telecommunications providers all records related to such communications."  Dkt. #172, p.12.

Plaintiff responds that any such subpoena would obtain information not only pertaining to plaintiff, but also pertaining to plaintiff's husband and child who utilized services from such telecommunications providers.  Dkt. #179, p.8.  In addition, plaintiff argues that the 15 year time period is over broad.  Dkt. #179, p.8.  Furthermore, plaintiff argues that it is clear that defendant seeks this information for the purpose of determining who plaintiff was communicating with rather than for any relevant purposes.  Dkt. #179, p.8.

The Court finds plaintiff's objections to this interrogatory to be without merit and directs plaintiff to respond to the interrogatory.  Absent notice of a subpoena

of records from plaintiff's telecommunications providers, plaintiff's objections to such a subpoena are premature. In other words, the Court's determination with respect to the interrogatory is without prejudice to plaintiff's right to move to quash or modify a subpoena based upon the information disclosed in response to this interrogatory.

## Medical Records

**Request for Production #8** seeks documents relating to or evidencing any injuries claimed as a result of Verizon's actions, including but not limited to medical, psychiatric or psychological treatment or counseling for injuries, illness or emotional distress. Dkt. #173-2, p.4.

Subject to objections, plaintiff responds that she has already produced all documents responsive to defendant's request. Dkt. #173-2, p.5.

Verizon argues that it has not received medical records from a number of medical providers identified in her interrogatories, but notes that plaintiff has agreed to supplement her response. Dkt. #172, p.14.

Plaintiff responds that although she has previously provided authorizations to permit defendant to obtain medical records from various medical providers, she will also provide copies of all relevant medical records in counsel's possession regarding her claims of emotional distress and physical symptomatology related thereto. Dkt. #179, p.11.

In reliance upon this representation, this aspect of defendant's motion is denied as moot.

### Attorneys' Fees

**Request for Production #9** seeks documentation relating to any claim plaintiff may be asserting for attorneys' fees, including, but not limited to fee schedules and plaintiff's fee agreement with her attorney.  Dkt. #173-2, p.5.

Subject to objections, plaintiff responds that the production of documents related to any claim for attorneys' fees is irrelevant and premature unless and until she prevails in this litigation.  Dkt. #173-2, p.5.

Verizon argues that communications relating solely to the payment of attorneys' fees are not covered by the attorney-client privilege.  Dkt. #172, p.14.

Plaintiff responds that case law is clear that attorneys' fees do not become an issue unless and until plaintiff prevails in this litigation.  Dkt. #179, p.12.

The Court agrees that, because attorneys' fees are awarded by the court, in its discretion, to a prevailing party, discovery on this issue is not warranted at this time.

Case 1:04-cv-00805-WMS-HKS Document 187 Filed 10/19/16 Page 17 of 17

-17-

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel (Dkt. #170), is denied as moot and defendant's motion to compel (Dkt. #171), is granted in part.

**SO ORDERED.**

DATED:   Buffalo, New York
         October  19, 2016

                      s/ H. Kenneth Schroeder, Jr.
                     **H. KENNETH SCHROEDER, JR.**
                     **United States Magistrate Judge**