```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

CINDY MOLL,

                                      **Plaintiff,**

v.                                                           04-CV-0805S(Sr)

TELESECTOR RESOURCES GROUP, INC.,

                                      **Defendant.**

## **DECISION AND ORDER**

        This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #15.

        Plaintiff's second amended complaint alleges disparate treatment on the basis of sex; a hostile work environment; and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law §§ 290 *et seq*., as well as violations of the Equal Pay Act, 29 U.S.C. § 206 *et seq*. Dkt. #148.

        By Decision and Order entered October 19, 2016, the Court granted defendant's motion to compel plaintiff to supplement her interrogatory response to identify any individual she contacted regarding this lawsuit and include the approximate date of any such contact, as well as a general summary of any communication she had

with such person. Dkt. #187, p.5. The Court also granted the motion to compel with respect to defendant's request that plaintiff identify her telecommunications providers, as well as her home and cellular telephone numbers and all electronic mail addresses used by plaintiff since June of 2000. Dkt. #187, pp.14-15. Although plaintiff argued that defendant sought such information in anticipation of issuing a subpoena to her telecommunications providers for the improper purpose of obtaining information regarding who plaintiff was communicating with, the Court determined that, "[a]bsent notice of a subpoena of records from plaintiff's telecommunications providers, plaintiff's objections to such a subpoena are premature." Dkt. #187, pp.14-15 The Court was explicit that its "determination with respect to the interrogatory is without prejudice to plaintiff's right to move to quash or modify a subpoena based upon the information disclosed in response to this interrogatory." Dkt. #187, p.15.

Plaintiff's supplemental interrogatory response identified several contacts, including Chris Gaglione in 2010 and an attempt to contract Robert Dixon in 2010. Dkt. #206-2, pp.44-45. Plaintiff provided information regarding her telecommunications and e-mail providers as directed. Dkt. #206-2, p.51.

Defendant issued two subpoenas to Cellco Partnership d/b/a Verizon Wireless on March 29, 2017. Dkt. #206-2. The first subpoena seeks production of billing statements for the cellular telephone number relating to plaintiff for the calendar years of 2010, 2011, 2012 and 2015. Dkt. #206-2, p.6. The second subpoena seeks text message data between the cellular telephones of plaintiff and Christopher Gaglione

from 2010 through the present and text message data between the cellular telephones of plaintiff and Robert Dixon during 2010 and 2011.  Dkt. #206-2, p.3.

Currently before the Court is plaintiff's motion to quash the subpoenas. Dkt. #206.  In support of the motion, plaintiff argues that disclosure of text messages is prohibited by statute; her billing records are irrelevant; and the scope of the subpoenas are overbroad.  Dkt. #206-3.  Plaintiff notes that the records subpoenaed are subsequent to her allegations of receiving harassing telephone calls from Mr. Irving and subsequent to her termination by defendant in 2007.  Dkt. #206-3, p.6.  Plaintiff also argues that telephone records of communications she may have had with anyone years after her termination would not establish the existence of facts supporting any claims or defenses in this action, especially given plaintiff's admission that she communicated with such individuals.  Dkt. #206-3.

Defendant responds that the subpoena for the contents of plaintiff's text messages is moot because the provider has advised that it does not retain such messages.  Dkt. #208.  As to the billing records, defendant argues that they will establish, as Christopher Gaglione and Robert Dixon are expected to testify at their depositions, that plaintiff solicited them to act as witnesses in support of her lawsuit.  Dkt. #208.  Defendant notes that after communicating with plaintiff, Mr. Gaglione executed a declaration contradicting his prior deposition testimony regarding plaintiff's allegations.  Dkt. #208. In response to plaintiff's objection as to the scope of the subpoena, defendant argues that the years of billing data requested comport with the

years plaintiff disclosed conversations with potential witnesses, as well as the year Mr. Gaglione signed the declaration contradicting his prior deposition testimony. Dkt. #208. Defendant argues that the timing, volume and frequency of contact between plaintiff and her coworkers is relevant but unavailable from plaintiff and that the subpoena is crafted as narrowly as possible given the vagueness of plaintiff's supplemental interrogatory responses. Dkt. #208. Defendant notes that plaintiff improperly failed to preserve text messages with these potential witnesses. Dkt. #208.

Plaintiff replies that the minimal relevance of the information sought by the subpoena is outweighed by its intrusiveness into irrelevant and personal information. Dkt. #209-2.

"The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Syposs v. U.S.*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998); *See Weinstein v. University of Connecticut*, No. 07 Civ. 3219, 2012 WL 3443340, at *2 (D. Conn Aug. 15, 2012) (*citing* Advisory Committee Notes to 1970 Amendments to Rule 45 stating that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). As amended in 2015, Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

> information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely
> benefit. Information within the scope of discovery need not
> be admissible in evidence to be discoverable.

The Advisory Committee Notes to the 2015 Amendment clarifies that the rule was amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." In addition, pursuant to Fed. R. Civ. P. 45(c)(3)(B)(I), "a court may quash, modify or condition a subpoena to protect a person affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information." *Syposs*, 181 F.R.D. at 226. Whether a subpoena imposes an undue burden depends upon consideration of "relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Libaire v. Kaplan*, 760 F. Supp.2d 288, 293-94 (E.D.N.Y. 2011). While the burden of demonstrating relevance is borne by the party seeking discovery, *Quotron Sys., Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 41 (S.D.N.Y. 1992), the burden of persuasion on a motion to quash a subpoena is borne by the movant. *Sea Tow Int'l v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007). The decision whether to quash or modify a subpoena is committed to the sound discretion of the trial court. *Libaire,* 760 F. Supp.2d at 291.

In light of the telecommunications provider's representation to the defendant that the text messages themselves are unavailable for production, the second subpoena is moot. As to the first subpoena, while it is relevant that plaintiff communicated with witnesses in this action regarding her claims, records from plaintiff's

telecommunications providers are not necessary to establish what plaintiff has already admitted. The records requested in the first subpoena will not shed light on the substance of such communications, nor will the timing of such communications - years after her termination from defendant's employ - shed light on the substance of plaintiff's claims or defendant's defenses in this action. *See Go v. Rockefeller Univ.*, 280 F.R.D. 165, 176-77 (S.D.N.Y. 2012) (denying motion to compel telephone records because they would not prove the content of the calls reflected in the record, which is what plaintiff really sought to prove). Requiring the production of multiple years of billing records is undoubtedly burdensome to the telecommunications provider without any proportionate benefit to the fact finding process. Accordingly, the motion to quash the subpoenas (Dkt. #206), is granted.

**SO ORDERED.**

DATED:    Buffalo, New York
               May 23, 2017

                                        s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**